UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ZAKKYA CHERRY,

                        Plaintiff,

    -against-

CITY OF NEW YORK, OGHENEVI OKROKOTO, Individually,
JOEY MORALES, Individually, ANDREA SIMMONDS,
Individually, LUKE DENESOPOLIS, Individually,
MICHAEL CIVIL, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 2959
(RJD) (VVP)

<u>Jury Trial Demanded</u>

       Plaintiff ZAKKYA CHERRY, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ZAKKYA CHERRY is a thirty-one year old African American woman who resides in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, OGHENEVI OKROKOTO, JOEY MORALES, ANDREA SIMMONDS, LUKE DENESOPOLIS, MICHAEL CIVIL, and JOHN and JANE DOE 1 through 10 (the names John and Jane Doe being fictitious, as the true names are presently unknown), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. They are sued herein in their individual and/or personal capacities.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On July 10, 2012, at approximately 5:45 p.m., plaintiff ZAKKYA CHERRY was lawfully in the vicinity of the front of 10 Lenox Road, Brooklyn, New York.

13. As Ms. Cherry approached her vehicle, which was legally parked at said location, she observed defendant NYPD officers, including, but not limited to, OGHENEVI OKROKOTO, JOEY MORALES, ANDREA SIMMONDS, LUKE DENESOPOLIS, and MICHAEL CIVIL, present at the location.

14. The officers were arresting her friend Yair Ray and were also searching plaintiff's vehicle.

15. While officers were handcuffing Mr. Ray in front of the front hood of Ms. Cherry's vehicle, Ms. Cherry approached one of the defendant officers by the rear trunk of her vehicle and calmly requested information from the officer, stating in sum and substance, what's going on, why are you searching my car?

16. Defendant police officers responded to Ms. Cherry, stating in sum and substance, get back.

17. After taking several steps back, placing herself further away from the trunk of her vehicle and the officers who were arresting Mr. Ray by the front of her vehicle, Ms. Cherry again calmly inquired with the defendant officers stating, in sum and substance, what's going on, why are you searching my vehicle, why are you arresting him?

18. In response, an African American female defendant officer and an African American male defendant officer grabbed Ms. Cherry, repeatedly slammed her head and chest onto the rear trunk of her vehicle, struck her in the back of the head, and placed severely over tight handcuffs on her wrists.

19. The defendants thereafter imprisoned Ms. Cherry in a police vehicle for approximately three hours while the defendant officers OKROKOTO and CIVIL drove said vehicle around Brooklyn.

20. Defendants OKROKOTO and CIVIL did not loosen Ms. Cherry's over tight handcuffs despite her repeated requests that said handcuffs were over tight and causing severe pain and numbness.

21. Defendants OKROKOTO and CIVIL transported Ms. Cherry to the NYPD's 70th precinct stationhouse and imprisoned her therein, removing one handcuff and handcuffing Ms. Cherry's other hand to a bench while she was seated on the floor. Ms. Cherry was imprisoned in this unsafe condition until approximately 3:00 a.m., when NYPD officers transported Ms. Cherry to central booking.

22. The defendant officers caused Ms. Cherry to be imprisoned until her arraignment in Kings County Criminal Court on baseless criminal charges filed under docket number 2012KN056726.

23. The false and baseless charges filed against Ms. Cherry as a result of the false allegations of defendants OKROKOTO and MORALES.

24. Defendant MORALES falsely alleged in the criminal court complaint that: Ms. Cherry purportedly approached Mr. Ray and defendant MORALES; that Ms. Cherry was purportedly standing close to Mr. Ray and defendant Morales; that Ms. Cherry purportedly

4

refused to step back; that Ms. Cherry purportedly yelled and screamed causing a crowd to gather; and that Ms. Cherry purportedly grabbed defendant OKROKOTO and Mr. Ray in an attempt to stop defendant OKROKOTO from walking Mr. Ray to a police vehicle.

25. All of defendant MORALES allegations, as described in paragraph 23 *supra*, are false, were conveyed to prosecutors, and resulted in the initiation of criminal proceedings against Ms. Cherry.

26. The defendants initiated said criminal prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

27. At Ms. Cherry's arraignment on July 11, 2012, she was granted an adjournment in contemplation of dismissal, and all the false charges filed against her were subsequently dismissed and sealed.

28. Defendant LUKE DENESOPOLIS supervised defendants OKROKOTO, MORALES, SIMMONDS, and CIVIL and approved of, oversaw, and otherwise presided over and participated in the defendants' acts of misconduct.

29. Defendant officers OKROKOTO, MORALES, SIMMONDS, DENESOPOLIS, CIVIL, and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein, despite being present when said conduct occurred.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against

plaintiff due to her race and/or nationality, and pursuant to a custom or practice of falsification.

31. The aforesaid event is not an isolated incident. Defendant City of New York ("City") is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the City's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, and that they engage in falsification.

32. Defendant City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiff ZAKKYA CHERRY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff ZAKKYA CHERRY, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United

States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ZAKKYA CHERRY'S constitutional rights.

44. As a result of the aforementioned conduct of defendants, plaintiff ZAKKYA CHERRY, was subjected to excessive force and sustained physical injuries and emotional

distress.

45.  As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

46.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.  Defendants arrested plaintiff ZAKKYA CHERRY without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

48.  Defendants caused plaintiff ZAKKYA CHERRY to be falsely arrested and unlawfully imprisoned.

49.  As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.  Defendants issued criminal process against plaintiff ZAKKYA CHERRY by causing her arrest and prosecution in Kings County Criminal Court.

52. Defendants caused plaintiff ZAKKYA CHERRY to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

53. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants created false evidence against plaintiff ZAKKYA CHERRY.

56. Defendants utilized this false evidence against plaintiff ZAKKYA CHERRY in legal proceedings.

57. As a result of defendants' creation and use of false evidence, plaintiff ZAKKYA CHERRY suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

58. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants had an affirmative duty to intervene on behalf of plaintiff ZAKKYA CHERRY, whose constitutional rights were being violated in their presence by other officers.

61. The defendants failed to intervene to prevent the unlawful conduct described herein.

62. As a result of the foregoing, plaintiff ZAKKYA CHERRY, was subjected to excessive force, unreasonably delayed medical attention, she was put in fear of her safety, and she was humiliated.

63. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The defendants subjected plaintiff ZAKKYA CHERRY to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

66. As a result of the foregoing, plaintiff ZAKKYA CHERRY, was deprived of her rights under the Equal Protection Clause of the United States Constitution.

67. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The supervisory defendant personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting citizens to

excessive force and then falsely arresting and prosecuting those individuals in an effort to cover up their use of excessive force. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ZAKKYA CHERRY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ZAKKYA CHERRY.

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ZAKKYA CHERRY, as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ZAKKYA CHERRY, as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ZAKKYA CHERRY was subjected to excessive force.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ZAKKYA CHERRY'S constitutional

rights.

79. All of the foregoing acts by defendants deprived plaintiff ZAKKYA CHERRY of federally protected rights, including, but not limited to, the right:

        A.      To be free from the use of excessive force;

        B.      To be free from false arrest;

        C.      To be free from malicious abuse of process;

        D.      To be free from abridgement of the right to a fair trial;

        E.      To be free from the failure to intervene; and

        F.      To receive equal protection under law.

80. As a result of the foregoing, plaintiff ZAKKYA CHERRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ZAKKYA CHERRY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 23, 2014

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiff ZAKKYA CHERRY
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                         By: _____
                                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ZAKKYA CHERRY,

                                 Plaintiff,

          -against-

CITY OF NEW YORK, OGHENEVI OKROKOTO, Individually,
JOEY MORALES, Individually, ANDREA SIMMONDS,
Individually, LUKE DENESOPOLIS, Individually,
MICHAEL CIVIL, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------------X

14 CV 2959
(RJD) (VVP)

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100